IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Vinette D'Andrade, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Nationstar Mortgage LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Vinette D'Andrade, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Vinette D'Andrade ("Plaintiff"), is an adult individual residing in Conyers, Georgia, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Nationstar Mortgage LLC ("Nationstar"), is a Texas business entity with an address of 350 Highland Drive, Lewisville, Texas 75067, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Nationstar and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Nationstar at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last four years, Nationstar began placing calls to Plaintiff's cellular telephone, number 404-XXX-5810.

9. At all times mentioned herein, Nationstar placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered a call from Nationstar she experiences 6 seconds of silence before being connected to a live representative.

11. Upon information and belief, Plaintiff did not provide her cellular telephone number to Nationstar and did not provide her consent to be contacted at her cellular telephone.

12. Plaintiff sent a letter to Nationstar requesting that the calls stop, and a representative told Plaintiff that the letter was received.

13. If Nationstar did have express consent to place calls to Plaintiff's cellular telephone it no longer had consent to do so after Plaintiff's repeated verbal requests and written request that the calls cease.

14. Nonetheless, Nationstar continued to place calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone

dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

17.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18.     Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

4

19. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Despite Plaintiff directing Defendant to cease all calls to her cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 25, 2014

                Respectfully submitted,

                By: /s/ Sergei Lemberg, Esq.
                Attorney Bar No.: 598666
                Attorney for Plaintiff Vinette D'Andrade
                LEMBERG LAW L.L.C.
                1100 Summer Street, Third Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250 ext. 5500
                Facsimile:   (203) 653-3424
                Email: slemberg@lemberglaw.com